NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 13-2063

———————

MICHAEL P. LEHTONEN,
Appellant

v.

GOVERNOR OF THE VIRGIN ISLANDS; VINCENT F. FRAZER; DAVID PAYNE,
JR.; BLANCHE FRAZER; OFFICERS JOHN DOE I-IX; OFFICERS JANE DOE I-V;
RICHARD ROE I-VI

———————

No. 13-2064

———————

MICHAEL P. LEHTONEN,
Individually and representing the public interest of the people of the Virgin Islands,
Appellant

v.

BRENDA J. HOLLAR; KATHLEEN MACKAY; JAMES CARROLL, III

———————

ON APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS
(D.C. Nos. 3-11-cv-00134, 3-12-cv-00012)
District Judge: Honorable Curtis V. Gomez

———————

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2014

———————

Before: CHAGARES, JORDAN, and SHWARTZ, <u>Circuit Judges</u>.

_____

OPINION*

_____

SHWARTZ, <u>Circuit Judge</u>.

Michael Lehtonen appeals from the District Court's dismissal of his complaints against various judges and government officials under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, we will affirm.

I

Lehtonen's pro se complaints flow from a landlord–tenant dispute. Lehtonen was a tenant in a St. Thomas apartment owned by David Payne, Jr. Payne commenced a forcible entry and detainer action against Lehtonen in the Superior Court of the Virgin Islands (the "FED Action") after Lehtonen defaulted on his rent payments. Lehtonen filed a counterclaim against Payne for damages for using self-help in attempting to evict Lehtonen. The presiding magistrate, Kathleen Mackay, dismissed the entire FED Action. Lehtonen moved to set aside the dismissal, arguing that Magistrate Mackay failed to address his counterclaim. Magistrate Mackay then issued an order dismissing without prejudice his counterclaim as beyond the scope of the FED Action's jurisdiction. Lehtonen moved to set aside that dismissal, which was treated as an appeal to the Superior Court. The appeal was first assigned to Judge James Carroll, III, who recused

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

himself, and then to Judge Brenda J. Hollar. Judge Hollar affirmed the orders dismissing the FED Action and Lehtonen's counterclaims.

Lehtonen then commenced two federal suits. He sued Virgin Islands Governor John P. de Jongh, Jr., Virgin Islands Attorney General Vincent F. Frazer, and various unnamed Virgin Islands police officers for damages for failing to intervene in his landlord–tenant dispute with Payne.[1] Separately, Lehtonen sued Judges Caroll and Hollar, and Magistrate Mackay (collectively, the "Judges"), alleging that their rulings with respect to the FED Action violated his civil rights and that their purported falsification of a return of service constituted abuse of process.

De Jongh, Frazer, and the Judges moved to dismiss Lehtonen's complaints under Fed. R. Civ. P. 12(b)(6). The District Court granted their motions. Lehtonen appeals.

## II[2]

We exercise plenary review of an order granting a motion to dismiss and apply the same standard as the District Court. See Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014). We accept all facts alleged in the complaints as true and construe them in a light most favorable to the plaintiff. Id. Viewing the facts this way, we must determine whether the complaints "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

---

[1] Lehtonen also named as defendants Payne and Blanche Frazer, Payne's mother, who were both dismissed for reasons unrelated to this appeal.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). We exercise jurisdiction over these consolidated appeals under 28 U.S.C. § 1291.

U.S. 544, 570 (2007)).  A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014) (internal quotation marks omitted).

III

We first examine Lehtonen's complaint against de Jongh and Frazer.  Lehtonen alleges only that de Jongh and Frazer failed to respond to his "request[s] for assistance in a violent situation" involving Payne and his mother, two private citizens, App. 30, and thereby violated his federal civil rights.[3]  This activity, however, does not provide a basis for relief because the government's "failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."  Henry v. City of Erie, 728 F.3d 275, 281 (3d Cir. 2013) (quoting DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 197 (1989)); Bright v. Westmoreland Cnty., 443 F.3d 276, 284 (3d Cir. 2006) (liability under the Due Process Clause "requires affirmative state action").[4]  Because Lehtonen has not alleged "any facts that would establish that [de Jongh or Frazer] did anything other than fail to act," he has not stated a claim under

---

[3] Lehtonen does not raise any non-constitutional claims in his brief.  As such, any claims other than those brought under § 1983 were not preserved for this appeal.  Free Speech Coalition, Inc. v. Att'y Gen. of U.S., 677 F.3d 519, 545 (3d Cir. 2012) (an appellant "must set forth the issues raised on appeal and . . . present an argument in support of those issues in their opening brief").

[4] "The State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause."  DeShaney, 489 U.S. at 197 n.3.  But Lehtonen's complaint contains only a conclusory assertion that his right to equal protection was violated.  It contains no "pleaded factual content" that would allow a court to reasonably infer liability under the Equal Protection Clause. Thompson, 748 F.3d at 147 (internal quotation marks omitted).

4

§ 1983. Burella v. City of Phila., 501 F.3d 134, 147 (3d Cir. 2007); Bright, 443 F.3d at 284 ("no affirmative duty to protect arises from the State's knowledge of the individual's predicament" (internal quotation marks omitted)). Therefore, the District Court correctly dismissed the complaint against de Jongh and Frazer.[5]

We next examine Lehtonen's complaint against the Judges. His allegations against them stem from their rulings and the "appeals process in the Superior Court" regarding his claim against Payne. Supp. App. 27. For example, Lehtonen claims that the Judges issued "insupportable decision[s]" at the eviction hearing and on his motion for reconsideration, Judge Carroll recused himself without "meet[ing] any of the judicial standards," and the Judges "fail[ed] to route" the court's decision to him. Supp. App. 27-28.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). This holds true even if the action "was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Whether an act is "judicial" depends on "whether it is a function normally

---

[5] Dismissal was also appropriate because damages are not recoverable from officers of the Virgin Islands acting in their official capacity. Brow v. Farrelly, 994 F.2d 1027, 1037 n.12 (3d Cir. 1993) (a damages claim is "not actionable against territorial officials in their official capacities under 42 U.S.C. § 1983"). Here, Lehtonen seeks damages arising from Frazer's alleged order, acting as Attorney General, directing the police not to assist Lehtonen, and from de Jongh's failure to respond to a letter Lehtonen sent to "the Governor of the Virgin Islands[] complaining about" Payne and his mother's conduct. App. 30. Because Lehtonen seeks relief based on action de Jongh and Frazer failed to take "in their official capacities," he "cannot seek money damages against them." McCauley v. Univ. of the V.I., 618 F.3d 232, 240-41 (3d Cir. 2010).

performed by a judge, and . . . whether [the parties] dealt with the judge in his judicial capacity." Id. at 362.

Each act Lehtonen describes involves rulings and acts the Judges took as part of their judicial duties,[6] and was "undeniably a judicial act." Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 770 (3d Cir. 2000) (issuance of an order "is certainly a function normally performed by a judge" (internal quotation marks omitted)). Moreover, Lehtonen alleges no facts suggesting that the Judges "acted in the absence of jurisdiction."[7] Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 183-84 (3d Cir. 2009) (per curiam) (affirming dismissal of § 1983 claims against judges for their "alleged judicial misconduct in [the plaintiff's] state court cases"). Lastly, because judicial immunity "is not overcome by allegations of bad faith or malice," Mireles v. Waco, 502 U.S. 9, 11 (1991), Lehtonen's allegations of the Judges' "malice," Appellant Br. 16, and "bad faith," Appellant Br. 18, do not provide a basis for relief. Dismissal of Lehtonen's § 1983 claims against the Judges was therefore appropriate.[8]

---

[6] Lehtonen's abuse of process claim, which alleges that the Judges "falsified a return of service" of Judge Hollar's decision affirming dismissal of his counterclaims, Supp. App. 28, 30, fails for the same reason. Even if it were not barred by judicial immunity, Lehtonen does not allege any facts that plausibly show that the return of service constituted a "perversion of that process" that harmed Lehtonen or that accepting the return of service was "so lacking in justification as to lose its legitimate function." Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 304, 308 (3d Cir. 2003) (internal quotation marks omitted).

[7] A judge is subject to liability for judicial acts "only when he has acted in the clear absence of all jurisdiction." Azubuko, 443 F.3d at 303 (quoting Stump, 435 U.S. at 356-57).

[8] The District Court's decision not to grant leave to amend was also correct because amendments here would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

IV

For the foregoing reasons, we will affirm the judgments of the District Court.